## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **EDDIE L. ANDREWS, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 07-CV-0200-CVE-FHM** |
| | ) | |
| **DEANELL RECCA TACHA, ET AL.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion for Preliminary Injunction (Dkt. # 4) filed by plaintiffs, Federal Defendants' Motion to Dismiss Complaint (Dkt. # 23), Defendant Evan B. Gatewood's Motion to Dismiss (Dkt. # 25), the Motion to Dismiss with Prejudice of Defendant O. Clifton Gooding (Dkt. # 28), Defendant Jonathan D. Echol's Motion to Dismiss (Dkt. # 31), and Defendant Linda K. Soper's Motion to Dismiss (Dkt. # 34).  Over two hundred plaintiffs, appearing pro se, filed a complaint on May 9, 2007 (Dkt. # 2) naming more than 20 defendants, including federal judges, court employees, the Attorney General, John & Jane Doe defendants, and others.  Although the complaint is incoherent, plaintiffs appear to allege that these defendants have engaged in a vast conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act ("RICO"), the False Claims Act, and various Oklahoma statutes.  See Dkt. # 2, at 25.

Although several of the defendants have not yet entered their appearances in this case, the Court finds it prudent to address the motions to dismiss at this time in an effort to conserve resources and otherwise address plaintiffs' vexatious complaint.  For the reasons set forth below, the Court grants the motions to dismiss and sua sponte dismisses plaintiffs' claims against all other defendants.

In Section IV, below, the Court finds that the imposition of filing restrictions on plaintiff Eddie L. Andrews is appropriate.

**I.**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

While the Court construes a pro se litigant's complaint liberally, Haines v. Kerner, 404 U.S. 519, 596 (1972), it is not required "to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court may dismiss sua sponte a complaint for failure to state a claim. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997); McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991). Sua sponte dismissal is appropriate only where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." McKinney, 925 F.2d at 365.

**II.**

Before addressing the motions to dismiss, the Court sets forth some history regarding one of the plaintiffs in this action, Eddie L. Andrews ("Andrews").  Andrews filed a 116-page complaint in the Northern District of Oklahoma in Case No. 06-CV-0460-TCK-PJC ("Andrews I") on September 6, 2006.  He, along with eight other individuals, purported to bring a class action suit on behalf of "We the People."  Plaintiffs filed more than 900 pages of documents with their complaint and more than 300 pages of documents with their various responses to the motions to dismiss. Andrews I, Dkt. # 122, at 9.  Several individuals not named in the complaint filed over forty additional pleadings alleging that their due process rights were violated.  See id. at 6 (listing the additional pleadings in that action).  On October 24, 2006, Judge Terence Kern granted the motions to dismiss for failure to state a claim.  Andrews I, Dkt. # 122.

Further, in addition to Andrews I and this action ("Andrews II"), Andrews and other plaintiffs have filed yet another complaint in Case No. 07-CV-0242-CVE-PJC ("Andrews III").  The complaint in Andrews III, like this case, lists numerous defendants and alleges violations of RICO.

Andrews has not limited his filings to the Northern District.  As Judge Kern noted in his order, see Andrews I, Dkt. # 122, at 9-10, Andrews filed three cases in the Western District of Oklahoma (CIV-05-110, CIV-06-510, and CIV-06-652).  Three different district court judges in the Western District of Oklahoma dismissed his complaints.  Also, Judge Downes enjoined Andrews from filing any further pro se  lawsuits concerning any defendant or any subject matter in the Western District of Oklahoma without leave from the court. Just a few days ago, on April 23, 2007, the Tenth Circuit affirmed the dismissal of Andrews' complaints in those cases. Andrews v. Heaton,

2007 WL 1180423 (10th Cir. April 23, 2007).[1]  However, the Tenth Circuit narrowed the filing restriction on Andrews such that he is enjoined from additional pro se filings in the Western District of Oklahoma in or related to the subject matter of three cases cited above.[2]

### III.

Plaintiffs' complaint in this case is utterly incoherent.   Under a section entitled "Theory of the Case," plaintiffs recite the case history of Andrew I and quote at length portions of Judge Kern's order dismissing their claims.   Then, in the section entitled "Cause of Action," plaintiffs state that each of the named defendants "uttered false documents and obstructed justice . . . by blocking lawful process and depriving Eddie L. Andrews et al. of money in a sum in excess of one million dollars." Andrews II, Dkt. # 2, at 34-45.  He alleges that each of the defendants "acted in conspiracy" with the other defendants, "all violating 18 U.S.C. § 371."  Id.  Although plaintiffs cite to the "False Claims Act Pursuant to Oklahoma qui tam provisions @ 62 O.S. 1991 **372 and 373 [sic]" and "60 O.S.175.57 [sic]" early in the complaint, id. at 25, the remainder of the complaint does not appear to focus on these statutes.

To the extent that plaintiffs seek to "appeal" or otherwise void Judge Kern's order dated October 24, 2006 in Andrews I, the Court dismisses the complaint for lack of subject matter jurisdiction.  The undersigned does not have the power to reverse or otherwise affect proceedings before another judge in the Northern District.  The plaintiffs in Andrews I have filed an appeal of

---

[1]     The Court is aware that citation of an unpublished decision is disfavored. 10th Cir. R. 36.3. However, this unpublished decision has persuasive value on a material issue not addressed in a published opinion and it assists the Court in its disposition of this issue.

[2]     For a more lengthy discussion of Andrews filings in the Western District of Oklahoma, see Andrews v. Heaton, 2007 WL 1180423, and Judge Kern's order (Andrews I, Dkt. # 122).

Judge Kern's order; the resolution of that appeal rests solely with the Tenth Circuit and not with this Court.

Further, the Court finds that plaintiffs claims against the judicial defendants should be dismissed because "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 13 (1991)).  To the extend that plaintiffs allege that the judicial defendants engaged in unlawful conduct while presiding over their lawsuits, these defendants "were performing judicial acts and were therefore clothed with absolute judicial immunity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); see Andrews v. Heaton, 2007 WL 1180423.[3]

The Court also dismisses plaintiffs' RICO claims against all defendants for failure to state a claim.  RICO provides a limited private right of action, and claims alleging RICO are subject to the same heightened pleading standard as fraud claims under Fed. R. Civ. P. 9(b).  See Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989).  Here, dismissal of plaintiffs' complaint is proper "because [plaintiffs'] vague and conclusory allegations of fraud fail[] to come anywhere near satisfying the specificity requirements of Federal Rule Civil Procedure 9(b)." Andrews v. Heaton, 2007 WL 1180423.

Plaintiffs' claims that defendants violated 18 U.S.C. §§ 371, 1001, and 1503 should also be dismissed.  These are criminal statutes that do not provide a private right of action and are not

---

[3]     In his complaint, plaintiffs state that "Deanell Recca [sic] Tacha is not above the law 'the judicially fashioned doctrine of official immunity does not reach so far as to immunize criminal conduct proscribed by an act of congress [sic].'"Andrews II, Dkt. #2, at 33 (citation omitted).  The fact that Judge Tacha is not "above the law" bears no relation to the doctrine of absolute immunity.

enforceable through a civil action.  See United States v. Claflin, 97 U.S. 546, 547 (1878); Schmeling v. NORDAM, 97 F.3d 1336, 1344 (10th Cir. 1996).

Finally, to the extent that plaintiffs bring claims under the False Claims Act or any Oklahoma statute or any other claims, the Court dismisses those claims.  The Federal Rules of Civil Procedure require a complaint to contain

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a).  Plaintiffs' complaint contains no such short and plain statement of claims against defendants.  It does not provide any indication as to how defendants violated the False Claims Act or the cited Oklahoma statutes.  The complaint thus fails "to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow if to conclude, if the allegations are proved, that the claimant has a legal right to relief."  Monument Builders of Greater Kansas City, Inc. V. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989) (citation omitted).

In sum, the Court finds that the motions to dismiss filed by some of the defendants should be granted.  Further, because it is patently obvious that plaintiffs could not prevail on the facts alleged, the Court hereby sua sponte dismisses all of plaintiffs' claims against defendants who have not yet filed motions to dismiss or otherwise entered appearances in this action.

## IV.

6

In Judge Kern's order dated October 24, 2006, after setting forth the history of Andrews' litigation in the Western District of Oklahoma, he noted:

> While the Court does not determine, at this time, whether sanctions under Fed. R. Civ. P. 11 are appropriate in this case, or whether filing restrictions need to be placed on any future lawsuits filed by plaintiffs in this Court, the history of these three plaintiffs in federal court is very troubling to the Court. Their use of personal insults and attacks on the defendants and their counsel in the instant lawsuit is particularly egregious and leads the Court to forewarn plaintiff that continued abuse of the legal process will not be tolerated.

Andrews I, Dkt. # 122, at 11. Apparently, Andrews did not take to heart Judge Kern's admonition. The frivolous nature of the complaints in Andrews II and Andrews III illustrates that Andrews continues to abuse the legal process.

Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by imposing restrictions under appropriate circumstances. See Sieverding v. Colo. Bar. Ass'n, 469 F.3d 1340, 1343 (10th Cir. 2006); Winslow v. Hunter (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994); Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1994); Andrews, 2007 WL 1180423; Springer v. Internal Revenue Serv., 2007 WL 1252475 (10th Cir. May 1, 2007). Injunctions restricting further filings are appropriate where (1) the Court sets forth the litigants' lengthy and abusive history; (2) the Court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. See Tripati, 878 F.2d at 354-54.

Above, the Court set forth the abusive nature of Andrews' filings in this District. The vexatious nature of these filings is further highlighted when the Court takes into account Andrews' filings in the Western District of Oklahoma, which resulted in filing restrictions. In this District, Judge Kern has already warned Andrews that "continued abuse of the legal process will not be

tolerated." Andrews I, Dkt. # 122, at 11.  "[W]here, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate." Winslow, 17 F.3d at 315.[4]

The Tenth Circuit has made clear that filing restrictions must be narrowly tailored. See Tripati, 878 F.2d at 352. In Andrews v. Heaton, the Tenth Circuit narrowed the district court's imposition of filing restrictions because Andrews' litigation history "does not (at least yet) suggest that Mr. Andrews is likely to abuse the legal process in connection with other persons and subject matters and thus does not support restricting Mr. Andrews's access to the court in all future pro se proceedings pertaining to any subject matter and any defendant." Id.; see also Sieverding, 469 F.3d at 1345 ("[T]here is no apparent basis for extending [a similar pro se filings] restriction to include any subject matter and any party [because] Mr. Sieverding has not filed litigation against random persons or entities.").  Viewing Andrews' filings in this District in conjunction with his filings in the Western District of Oklahoma, the Court finds that Andrews has come close to filing litigation against "random persons or entities" and concerning a wide spectrum of subject matters. Nonetheless, in an abundance of caution, and due to the gravity of imposition of filing restrictions, the Court limits its filing restrictions on Andrews as follows:  With respect to any pro se pleading that contains the same or similar allegations as those set forth in the complaints in Case Nos. 06-CV–460-TCK-PJC, 07-CV-0200-CVE-FHM, or 07-CV–242-CVE-PJC, Andrews is required to submit to the Clerk of this Court, an "Application and Affidavit" for a proposed filing, with the

---

[4]    The Court notes that Judge Kern also focused on the litigation history of two other plaintiffs who appear in this action: Charles D. Spencer and Carl Weston.  At this time, the Court does not impose filing restrictions on these individuals.  However, it will not hesitate to do so if they show a continued abuse of the legal process.  Currently, the Court focuses the filing restrictions on Andrews because of his history in the Western District of Oklahoma.

"Proposed Pleading," attached as an exhibit.  The Application and Affidavit should request permission of the Court to file the Proposed Pleading and should also contain the information detailed in paragraph one (1), below.

1.      The Application and Affidavit must contain Andrews's statement, under penalty of perjury pursuant to 28 U.S.C. § 1947, in proper form, which includes: (a) the legal basis for the Proposed Pleading; (b) the specific factual basis for the Proposed Pleading; (c) a statement that the issues raised in the Proposed Pleading have never been finally disposed of by any federal or state court and are not barred by the doctrines of *res judicata* or collateral estoppel; (d) the identity and nature of assistance by any third person in preparing the Proposed Pleading; (e) a statement that the factual allegations and/or legal arguments raised by the Proposed Pleading are (i) not frivolous or made in bad faith, (ii) warranted by existing law, (iii) not made for an improper purpose to cause delay or needless increase in costs, and (iv) not made to avoid any order of any court; (f) a list of all witnesses and attachment of all documents which support the factual allegations of the Proposed Pleading; and (g) the Proposed Pleading which Andrews is requesting that the Court file (attached as an Exhibit to the Application and Affidavit).  The Application and Affidavit for Filing shall be scanned and numbered by the Clerk of the Court.  However, the Application and Affidavit for Filing shall not be accepted for filing unless it is approved by Order of the Chief Judge or the Chief Judge's designee.

2.      The Application and Affidavit, or any documents or pleadings submitted by Andrews to the Clerk of the Court, shall be referred to a United States Magistrate Judge to

9

determine whether the documents or proposed pleadings meet the requirements outlined in paragraph one.  The Report and Recommendation of the Magistrate Judge shall be filed of record and reviewed by the Chief Judge, or by a judge designated by the Chief Judge.   Andrews is permitted, in accordance with the standard rules providing for objections to a Report and Recommendation, to submit an Objection to the filed Report and Recommendation.  The Court Clerk shall file of record any such Objection to the Report and Recommendation in the miscellaneous case established pursuant to this General Order (see below).

3.     The Chief Judge or the Judge designated to review the Report and Recommendation shall review the Objection filed by Andrews, if any, and the Report and Recommendation, and determine whether or not the Proposed Pleading, attached as an exhibit to the Application and Affidavit, or any other document submitted by Andrews shall be filed.  Absent the approval of the Chief Judge, or the Chief Judge's designee, the Proposed Pleading or any other submitted pleading or document, except for the Objection to the Report and Recommendation, shall not be filed.  If the Chief Judge or the Chief Judge's designee approves the filing, an order shall be entered by that Judge that the Court Clerk shall file the pleading or document.  The order of the Chief Judge or the Chief Judge's designee shall also indicate if the pleading or document should be filed in miscellaneous case established pursuant to this General Order (see below), or if a new case number should be opened for the pleading or document.  The order of the Chief Judge or the Chief Judge's designee shall, if the pleading or document is accepted for filing, outline any filing restrictions

10

that will remain with respect to future pleadings or documents submitted by Andrews.

Andrews shall have ten (10) days from the date of this Order to file a written objection, limited to fifteen pages, to this imposition of filing restrictions.  See Winslow, 17 F.3d at 316.  If he does not file such an objection, then the filing restriction shall take effect twenty (20) days from the date of this Order.  If he does file an objection, then the filing restriction will not take effect until the Court rules upon the objection.

**IT IS THEREFORE ORDERED** that Federal Defendants' Motion to Dismiss Complaint (Dkt. # 23) is **granted**; Defendant Evan B. Gatewood's Motion to Dismiss (Dkt. # 25) is **granted**; the Motion to Dismiss with Prejudice of Defendant O. Clifton Gooding (Dkt. # 28) is **granted**; Defendant Jonathan D. Echol's Motion to Dismiss (Dkt. # 31) is **granted**; and Defendant Linda K. Soper's Motion to Dismiss (Dkt. # 34) is **granted**.  The Motion for Preliminary Injunction (Dkt. # 4) is **moot**.  The Motion for Relief from Service (Dkt. # 43) filed by the federal defendants is **moot**.

**IT IS FURTHER ORDERED** that the Court hereby sua sponte **dismisses** plaintiffs' claims against all other defendants.  This action is hereby **terminated**.  All remaining motions are as **moot**.

**IT IS FURTHER ORDERED** that the Court hereby places filing restrictions on plaintiff Eddie L. Andrews**.  With respect to any pro se pleading that contains the same or similar allegations as those set forth in the complaints in Case Nos. 06-CV–460-TCK-PJC, 07-CV-0200-CVE-FHM, or 07-CV–242-CVE-PJC, Andrews is required to follow the procedure outlined above**.  The Court will enter a General Order signed by all of the district judges and available to the public reiterating these procedures.  Plaintiff Eddie L. Andrews shall have ten (10)

11

days from the date of this Order to file an objection, limited to fifteen pages, to the Court's imposition of this filing restriction.

**DATED** this 8th day of May, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

12